UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY VALEK,
      Plaintiff,

-vs.-                               **DEMAND FOR JURY TRIAL**

STELLAR RECOVERY, INC.

      Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Stellar Recovery, Inc. which is a Florida company that maintains registered offices in Oakland County.

## VENUE

4.  The transactions and occurrences which give rise to this action occurred in Ingham County.

5.  Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

6.  Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to HSBC Bank, N.A./Menard's in the amount of $1,829.33 ("the Debt").

7.  Sometime in early January 2012 Defendant began contacting Plaintiff in connection with the Debt.  Plaintiff explained to Defendant that the Debt belongs to her ex husband and that she does not owe this debt. Plaintiff asked Defendant to validate the debt.

8.  On or about February 27, 2013 Defendant sent Plaintiff a letter in response to her validation request. Defendant resumed contacting Plaintiff shortly after this letter.

9.  On or about March 13, 2012, Plaintiff, through her Counsel Michigan Consumer Credit Lawyers, sent Defendant a written Cease and Desist request.

10. Between March 2013 and April 2013 Defendant made no communication to Plaintiff or Plaintiff's Counsel.

11. On or about April 30, 2013, Defendant attempted to contact Plaintiff at the number (xxx) xxx-4686. The number Defendant has called from is (888) 638-6775. This number has been confirmed as belonging to Defendant.

12. Defendant has contacted Plaintiff from the above number on or about the following dates and times: April 30, 2013 at 8:53 AM, May 1, 2013 at 2:32 PM, May 2, 2013 at 11:17

AM, and May 4, 2013 at 5:55 PM. Plaintiff has not answered her phone during these calls.

13. On or about May 9, 2013, Plaintiff, through her Counsel Michigan Consumer Credit Lawyers, sent Defendant a second Cease and Desist Request.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

19. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21.  Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

3

22. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL

    §339.915

24. Plaintiff has suffered damages as a result of these violations of the Michigan

    Occupational Code.

25. These violations of the Michigan Occupational Code were willful.


## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection

    Practices Act  ("MCPA"), at MCL § 445.251.

28. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL

    §445.252

30. Plaintiff has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.


## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

    a.  Actual damages.

    b.  Statutory damages.

    c.  Treble damages.

    d.  Statutory costs and attorney fees.

Respectfully submitted.

May 22, 2013
          /s/ Gary Nitzkin
          GARY D. NITZKIN (P 41155)
          TRAVIS SHACKELFORD P68710
          MICHIGAN CONSUMER CREDIT LAWYERS
          Attorneys for Plaintiff
          22142 West Nine Mile Road
          Southfield, MI 48034
          (248) 353-2882
          Fax (248) 213-6397
          Email – gary@micreditlawyer.com