UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY VALEK,

       Plaintiff,

v.

       File No. 1:13-cv-565

STELLAR RECOVERY, INC.,

       HON. ROBERT HOLMES BELL

       Defendant.
_____/

## OPINION

This is a case brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Michigan Occupational Code, Mich. Comp. Laws § 339.901 *et seq.* ("MOC"), and Michigan Collection Practices Act, Mich. Comp. Laws. § 445.251 *et seq.* ("MCPA"), related to the collection of a debt allegedly owed on a Menards account. The matter is presently before the Court on Defendant's motion for summary judgment (Dkt. No. 20), to which Plaintiff has filed a response (Dkt. No. 23). Defendant did not file a reply. Also before the Court is Plaintiff's motion to withdraw or amend its admissions (Dkt. No. 22), Plaintiff counsel's motion to withdraw as counsel (Dkt. No. 24), and Defendant's unopposed motion to stay deadlines pending resolution of the summary judgment motion (Dkt. No. 25).

Although Defendant offers several reasons why summary judgment should be granted in its favor, one issue is dispositive: whether Plaintiff has submitted evidence that the alleged debt falls within the statutory definition of 15 U.S.C. § 1692a(5). In order to reach the merits of this issue, for the reasons that follow, Plaintiff's motion to amend its admissions is granted. Because, upon review, the Court finds that Plaintiff has not submitted such evidence, summary judgment is properly granted to Defendant.

## I.

The facts underlying this case are sparse, and discovery has done little to expand their scope. Defendant first contacted Plaintiff in January 2012 about an alleged debt. (Compl., Dkt. No. 1 ¶ 7; Def's Br., Dkt. No. 20-1 at 3.) Plaintiff informed Defendant that the alleged debt belonged to her ex-husband, and requested validation. (Compl., Dkt. No. 1 ¶ 7; Def's Br., Dkt. No. 20-1 at 3.) In February 2012, Defendant validated the debt. (Compl., Dkt. No. 1 ¶ 8; Def's Br., Dkt. No. 20-1 at 3.) Defendant continued contacting Plaintiff after it validated the debt. (Compl., Dkt. No. 1 ¶ 8; Def's Br., Dkt. No. 20-1 at 3.) In March 2012, Plaintiff, through counsel, sent a cease and desist request to Defendant. (Compl., Dkt. No. 1 ¶ 9; Def's Br., Dkt. No. 20-1 at 3.) Defendant claims that it never contacted Plaintiff again after receiving the cease and desist notice (Def's Br., Dkt. No. 20-1 at 3), but Plaintiff claims contact resumed in April 2013. (Compl., Dkt. No. 1 ¶ 11.) Plaintiff claims these subsequent contacts are violations of the FDCPA, the MOC, and the MCPA.

In October 2013, Defendant served Requests for Admission on Plaintiff (Def.'s Br., Dkt. No. 20-1 at 3), but did not receive a response within 30 days. (*Id.*) Defendant claims that due to this failure, Plaintiff has admitted she did not suffer any damages, did not keep contemporaneous notes of the alleged violations, and does not have evidence that Defendant violated any law. (*Id.* at 4.) Defendant argues that the admissions are fatal to Plaintiff's claims, and urges the Court to enter summary judgment in its favor. (*Id.*) Plaintiff now seeks to withdraw and amend her admissions pursuant to Fed. R. Civ. P. 36(b).

## II.

**A.  Motion to Withdraw or Amend**

Under Fed. R. Civ. P. 36(b), the Court may allow a party to withdraw or amend admissions

(1) when doing so would aid the presentation of the merits of the case; and (2) where the Court is not persuaded that an amendment would prejudice the party who obtained the admission. *Clark v. Johnson*, 413. F. App'x 804, 818 (6th Cir. 2011) (citing Fed. R. Civ. P. 36(b)). The first prong "is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case." *Id.* (quoting *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995)). As to the second prong, "[t]he prejudice contemplated . . . is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth . . . [p]rejudice . . . relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (internal citations omitted).

Defendant served admissions on Plaintiff that requested her to admit, *inter alia*, that she did not suffer any damages, did not keep contemporaneous notes of any alleged violations, and does not have evidence that Defendant violated any law. The admissions were served on October 1, 2013. (Pl.'s Br., Dkt. No. 22 at 5.) Plaintiff requested an extension and was given until November 30, 2013, to respond. (*Id.*) However, due to her poor heath, Plaintiff did not return the responses until December 20, 2013. (*Id.*)

As discussed above and in Defendant's brief, the admissions here are entirely dispositive, and if upheld would "practically eliminate any presentation on the merits of the case." *Clark*, 413 F. App'x at 818. With regard to the second prong, discovery in this case is closed, but Defendant has not shown any "special difficulties" in obtaining evidence it will face if the amendment is allowed. Therefore, the Court will grant Plaintiff's motion to withdraw and amend its admissions.

## B. Motion for Summary Judgment

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When the moving party will not carry the burden of proof at trial, the party must identify "those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (internal quotations omitted). A defendant moving for summary judgment is not required, however, to "support its motion with affidavits or other similar materials negating the opponent's claim." *Id.*

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In addition to its argument—now moot in light of this Court's ruling on Plaintiff's motion to amend its admissions—that Plaintiff's lack of response to the admissions entitles it to summary judgment, Defendant presents three additional arguments, discussed in turn. First, Defendant argues that Plaintiff's complaint fails to state a claim. (Def's Br., Dkt. No. 20-1 at 7.) Second, Defendant argues that Plaintiff has failed to present evidence that she is alleged to owe a "debt" under the FDCPA, MOC, or MCPA. (*Id.* at 8–9.) Finally, Defendant argues that there is no evidence to support Plaintiff's allegation that Defendant contacted her after she sent a cease and desist letter. (*Id.* at 10–11.)

1. <u>Failure to State a Claim</u>

Defendant first argues that "a general allegation that a defendant violated the FDCPA is insufficient; a plaintiff must cite a specific provision of the FDCPA to support a violation." (*Id.* at 7.) Defendant cites an unpublished opinion from the Western District of Michigan for this proposition. *Stanton v. Fed. Nat'l Mortg. Ass'n*, No. 1:09–CV–990, 2013 WL 707346, a *3 (W.D. Mich. Feb. 23, 2010) (Quist, J.). Judge Quist's reasoning, however, does not have as broad an application as Defendant seeks to give it. In *Stanton*, the plaintiff's claim failed not because he failed to cite a specific section of the statute, but because the violation alleged was not enumerated anywhere in the statute. *Id.*

The more general rule is that "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters." *Quinn-Hunt v. Bennett Enterprises, Inc.*, 122 F. App'x 205, 207 (6th Cir. 2005) (quoting *Albert v. Carovano*, 851 F.2d 561, 571, n. 3 (2d Cir.1988)). Where, as here, the facts alleged support a violation of 15 U.S.C. § 1692c, it is not necessary for Plaintiff to cite the specific statute she alleges was violated.

5

2. <u>Failure to Establish the Outstanding Balance is a "Debt"</u>

Defendant next argues that under the FDCPA, MOC, and MCPA, "the 'debt' incurred by the Plaintiff must be primarily for personal, family, or household purposes." (Def's Br., Dkt. No. 20-1 at 8.) Defendant goes on to note that "Plaintiff has not disclosed any evidence that the debt at issue arose out of transactions for personal, family, or household purposes." (*Id.*) Plaintiff merely alleges in her complaint that the case involves "a consumer type debt." (*Id.*; Compl., Dkt. No. 1 ¶ 6.) Plaintiff does not respond to this argument.

The FDCPA defines "debt" as an obligation undertaken "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Accordingly, the Court's inquiry must focus on the purpose for which the obligation was originally incurred. *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013) (citing *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290, 293 (6th Cir.2012)). This determination looks at the time the obligation was undertaken, not when a debt collector attempts to collect the debt. *Haddad*, 698 F.3d at 293.

Here, there has been no showing by Plaintiff what the purpose of the underlying obligation is. While alleging that the alleged debt is "a consumer type debt" may be enough to survive a Rule 12(b)(6) motion to dismiss, Plaintiff is obligated at the summary judgment stage to come forward with proofs that demonstrate a genuine issue of fact for trial. Plaintiff has failed to do so here, and the Court will therefore enter summary judgment in Defendant's favor.

3. <u>Lack of Evidence of Further Contact</u>

Defendant finally points out that the complaint "appears to imply . . . that [Defendant] violated the FDCPA, MOC, and MCPA by attempting to contact Plaintiff directly after receiving a Cease and Desist letter from her attorney." (Def.'s Br., Dkt. No. 20-1 at 10.) Defendant goes on to state, "[t]he only documentation offered by Plaintiff in support of her claims is a handwritten letter

6

to her attorney, which suggests that Stellar attempted to contact Plaintiff on April 30, 2013, May 1, 2013, May 2, 2013, and May 4, 2013." (*Id.*) Defendant argues that this documentation is insufficient to support a claim that it continued to contact Plaintiff, and that she should have submitted phone records or produced witness testimony to corroborate her claims. Because the Court is granting summary judgment on a separate issue, it reserves its judgment on the merit of Defendant's argument.

**C.     Motion to Withdraw as Counsel**

Plaintiff's counsel has also filed a motion to withdraw. Plaintiff's counsel alleges "there is a breakdown in the communication between the Plaintiffs [sic] and her counsel, which has made it impossible for Michigan Consumer Credit Lawyers, Gary D. Nitzkin or Travis L. Shackelford to continue representing Ms. Valek in this matter." (Mot., Dkt. No. 24 at 3.) The Court would be disinclined to grant such a motion filed a mere 27 days before the final pretrial conference under ordinary circumstances, without concurrence from the Plaintiff and alternate counsel retained. Here, however, the Court will deny the motion as moot in light of its Opinion on the issue of summary judgment.

**D.     Motion to Stay**

Defendant's counsel has moved to stay all deadlines in this case pending resolution of its summary judgment motion. (Dkt. No. 25.) Because this Opinion disposes of the motion for summary judgment, the motion for a stay will be denied as moot.

## III.

For the foregoing reasons, the Court grants Plaintiff's motion to withdraw and amend her admissions, grants Defendant's motion for summary judgment, and denies as moot Plaintiff's counsels' motion to withdraw and Defendant's motion for a stay.

The Court will issue an Order and Judgment consistent with this Opinion.


Dated: March 17, 2014                     /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE